

*The Stay is GRANTED until August 26, 2024. The parties are directed to file a status report no later than August 30, 2024.*
*Date: March 1, 2024*

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Marina Moraru**
*Special Assistant Corporation Counsel*
Office: 212) 356-2456

February 29, 2024

**VIA ECF**
Hon. Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

   Re: *M.S. et al. v. New York City School Dist.,* 23-cv-9751 (LJL)(JW)

Dear Judge Liman:

  I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs, and expenses for legal work on an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), as well as for this action.

  Pursuant to Your Honor's February 20, 2024 Order (ECF No. 11), I write on behalf of all parties to inform the Court that at the February 26 pre-motion conference held before Judge Cronan for *R.C. et al. v. N.Y.C. Dep't of Educ.*, 23-cv-9727, Defendant withdrew its request for leave to file a motion for consolidation pursuant to Rule 42(a). Judge Cronan granted the parties' joint request for a 180-day stay of that case until August 26, after the parties explained that they would seek 180-day stays across all 32 cases, and then work together to avoid any motion practice or appearances in any of the 32 cases. Both sides expressed a high level of confidence that the 32 cases could all be globally resolved.

  Accordingly, the parties respectfully request that the Court stay this matter for 180 days to August 26, and that the Conferences scheduled for March 12 and March 29 be adjourned *sine die*. This is the second request to stay.[1] On February 22, Defendant requested a 180-day extension of its time to Answer (ECF 13); by Order on the same day (ECF 14) Your Honor graciously adjourned the Answer deadline *sine die*.

  The parties assert that these circumstances are exceptions in several ways warranting the requested 180-day stay: as both sides explained to Judge Cronan at the Feb. 26 conference: (a) due to an administrative issue within Plaintiff's counsel's firm, these fee claims were unintentionally not presented to the DOE for administrative settlement; (b) all 32 cases had to be filed before the

---

[1] On February 20, 2024, Your Honor lifted the stay the Court had granted on February 17 (ECF 11).

statute of limitations had run; (c) the DOE historically has resolved all fee claims presented by the Skyer Law Firm avoiding federal fees actions; and (d) as Defendant's counsel noted, a review of the billing in a few of the Skyer cases reveals that they are much more reasonable than billing records submitted by some other IDEA law firms who take many cases into motion practice.

We note that if the parties are unable to keep all 32 cases on a global settlement track, that will compound the work that will go into the process, drive up further billable hours in some cases and not in others, and all of this underscores the reasons we were hopeful we could achieve consolidation.

For these reasons, the parties respectfully request a stay of this case for 180 days to August 26, 2024, adjournment *sine die* of the conferences scheduled for March 12 and March 29, and that a joint status letter be due Aug. 26 informing the Court on the progress of settlement discussion.

Thank you for considering these requests.

Respectfully submitted,
*/s/ Marina Moraru*
Marina Moraru, Esq.
Special Assistant Corporation Counsel

cc:  Jesse Cole Cutler, Esq. (via ECF)